# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BARRY JOE SMITH SR.,

        Plaintiff,
v.                                                       Case No. 08-CV-956

THE PRESIDENT OF THE UNITED STATES OF AMERICA,
THE GOVERNOR OF WISCONSIN and
THE MAYOR OF MILWAUKEE, WISCONSIN,

        Defendants.
_____

## ORDER

On November 10, 2008, pro se plaintiff Barry Joe Smith Sr. ("Smith") filed a complaint against the President of the United States of America ("President"), the Governor of Wisconsin ("Governor"), and the Mayor of Milwaukee, Wisconsin ("Mayor") seeking "whatever Reparation or Equitable relief that a jury may grant to him." Smith claims that the President, Governor and the Mayor violated his rights under the Second, Fifth, Thirteenth, Fourteenth and Fifteenth Amendments to the Constitution. Defendants have each moved to dismiss Smith's complaint. The President, Governor and Mayor all move to dismiss Smith's complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The President additionally asserts that Smith's claim against him must be dismissed for lack of subject matter jurisdiction. Because Smith has failed to state a claim upon which relief may be granted, the court is obliged to dismiss the complaint in its entirety.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of a plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint need only provide a short and plain statement of the claim, showing that the pleader is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). A pleader must show through his allegations that he is plausibly entitled to relief, instead of merely speculatively entitled to relief. *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Where the well-pleaded facts do not allow the court to infer more than the mere possibility of misconduct, the plaintiff's complaint must be dismissed. *See Iqbal*, 129 S.Ct. at 1950.

In support of his motion to dismiss, the President claims that he is entitled to absolute immunity from liability arising from his official acts. In response, Smith claims that the President has failed to enforce the Thirteenth Amendment's prohibition of slavery, and he argues that he seeks only equitable relief to restore his

-2-

Case 2:08-cv-00956-JPS   Filed 08/21/09   Page 2 of 6   Document 25

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of a plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint need only provide a short and plain statement of the claim, showing that the pleader is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). A pleader must show through his allegations that he is plausibly entitled to relief, instead of merely speculatively entitled to relief. *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Where the well-pleaded facts do not allow the court to infer more than the mere possibility of misconduct, the plaintiff's complaint must be dismissed. *See Iqbal*, 129 S.Ct. at 1950.

In support of his motion to dismiss, the President claims that he is entitled to absolute immunity from liability arising from his official acts. In response, Smith claims that the President has failed to enforce the Thirteenth Amendment's prohibition of slavery, and he argues that he seeks only equitable relief to restore his

civil and constitutional rights. The Supreme Court has made clear that the President of the United States enjoys absolute immunity from liability for damages arising from his official acts. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Therefore, to the extent Smith's complaint seeks damages against the President, it must be dismissed.

Notwithstanding presidential immunity, Smith has failed to state a claim upon which relief may be granted. Smith's complaint alleges that he has been denied public employment opportunities, the right to bear a firearm and the right to "vote for himself as a candidate" due to "his previous condition of Thirteenth Amendment Slavery." The complaint further alleges that the denial of the aforementioned rights violates the Double Jeopardy Clause of the Fifth Amendment as well as the Thirteenth Amendment's prohibition of slavery. Liberally construed, it appears Smith is claiming that he has been unconstitutionally denied certain of his civil rights as a result of a previous felony conviction. In 1990, a jury sitting in this branch of the court found Smith guilty of threatening to assault and murder a United States judge, in violation of 18 U.S.C. § 115(a)(1)(B). Smith was sentenced to twelve months imprisonment to be followed by three years of supervised release. Smith appealed his conviction and sentence, and the Seventh Circuit affirmed. *See United States v. Smith*, No. 90-CR-19, 1991 WL 36269 (7th Cir. 1991); *see also Smith v. United States,* No. 91-C-428, 1993 WL 206559 (7th Cir. 1993).

In general, the Constitution does not prevent either the federal or state governments from limiting a convicted felon's civil rights, including the right to carry a firearm, *see Dist. of Columbia v. Heller*, 128 S.Ct. 2783, 2816-17 (2008) (holding Second Amendment does not bar prohibitions on possession of firearms by felons), and the right to vote or hold public office, *see Richardson v. Ramirez*, 418 U.S. 24, 56 (1974) (holding Fourteenth Amendment does not prevent states from permanently disenfranchising felons); *see also Romer v. Evans*, 517 U.S. 620, 634 (1996)(recognizing that a convicted felon may be denied the right to vote). These limitations on one's rights as a citizen are well-recognized collateral consequences of a felony conviction, and the constitutionality of those long-standing consequences are not legitimately disputed.[1]

The court is also mindful that this is not Smith's first attempt to bring this case before a federal court. In March of 2008, Smith filed a strikingly similar complaint in this district against the United States of America and the State of Wisconsin. In that case, Smith alleged that his rights under the First, Thirteenth, Fourteenth and Fifteenth Amendments were violated when he was barred from running for public office due to his felony conviction. After reviewing Smith's complaint, Chief Judge Rudolph T. Randa dismissed the case for failing to state an actionable claim, and

---

[1]That is not to say that some collateral consequences of a felony conviction may not pass constitutional muster, such as those targeted only at persons of a particular race or religion. But that is not the case Smith has pleaded.

-4-

for lack of standing. *See Smith v. United States*, No. 08-C-262 (E.D.Wis. April 2, 2008) (order dismissing case) *affirmed* No. 08-2205 (7th Cir. Nov. 13, 2008).

The court recognizes that pro se litigants must be afforded ample opportunity to amend their complaints if it appears that any deficiencies could be cured by amendment. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 550 (7th Cir. 1996); *see also Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008) (holding courts must construe pleadings of pro se litigants liberally). However, the court finds Smith's complaint to be beyond repair. Because the court is unable to glean from Smith's complaint any plausible claim for which he may be entitled to relief against either the Mayor, the Governor or the President, the court is obliged to dismiss this case in its entirety.

Finally, in opposition to defendants' motions to dismiss, Smith states that he does not believe that this branch of the court is able to act impartially in his case because the court presided over Smith's federal felony conviction in 1990, and because Smith does not believe he had a fair trial in that case. Smith's personal dissatisfaction with the result of a 19-year-old criminal case over which the court presided does not require recusal in this case. *See* 28 U.S.C. § 455(a) (requiring a judge to disqualify himself in a case in which his impartiality might reasonably be questioned).

Accordingly,

-5-

Case 2:08-cv-00956-JPS   Filed 08/21/09   Page 5 of 6   Document 25

**IT IS ORDERED** that the defendants' motions to dismiss (Docket ##'s 6, 13 and 21) be and the same are hereby **GRANTED** and this case is hereby **DISMISSED** in its entirety.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge